UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARRYL KEITH BROWDER, ET AL | CIVIL ACTION NO. 5:11-CV-01428 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| XTO ENERGY INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

In this case, Plaintiffs appearing pro se allege that Defendants have interfered with or failed or properly compensate them for their minerals rights. A number of motions stemming from Plaintiffs' unfamiliarity with the Federal Rules of Civil Procedure are currently pending before the Court. The Court will address each motion in turn.

### I.     Factual and Procedural Background

Plaintiffs are proceeding pro se in this matter.  As explained below, it is difficult to determine the exact nature of the Plaintiffs' claims, but they appear to revolve around Plaintiffs' alleged mineral interests in properties in Bossier and Webster Parishes.  Plaintiffs originally brought suit against XTO Energy Inc. ("XTO") in the 26th Judicial District Court of Bossier Parish, Louisiana on or about July 7, 2011.  XTO removed the suit to this Court on August 3, 2011.  The Court held a status conference on October 11, 2011, at which time it granted Plaintiffs' motion to amend their complaint to join Anadarko Petroleum Corporation ("Anadarko") as a Defendant. [Record Document 21].  During that conference, the Court also stayed all deadlines and

proceedings in this case until December 11, 2011 in order to allow Plaintiffs an opportunity to obtain counsel.  Id.  Service of Anadarko, however, was allowed to proceed.  Id.  Plaintiffs have failed to obtain counsel. Instead, Darryl Browder has signed most of the filings on behalf of himself and the other plaintiffs who are apparently members of his family.

## II.     Defendants' Motions for a More Definite Statement of the Pleading

Multiple Motions for a More Definite Statement of the Pleading by Defendants XTO and Anadarko [Record Documents 4, 45] are before the Court.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires every pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rules 8(d)(3) and 8(d)(1) provide that a party may state inconsistent claims, but that "each allegation must be simple, concise, and direct." Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See also Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

Plaintiffs' statements of their claims are neither short nor plain.  Plaintiffs make clear that they believe that Defendants have wronged them by interfering somehow with some interest Plaintiffs have in some property. However, the internal contradictions and stream-of-consciousness style of the petition force Defendants to guess at the exact nature of the Plaintiffs' claims and the relief sought. Plaintiffs are clearly handicapped by their lack of legal expertise but the Court while sympathetic to

the Plaintiffs predicament cannot excuse them from the basic requirements of Rule 8(a)(2).  By way of example, Plaintiffs' petition begins by asking the Court to "INFORCE THE LA.LAW IMMEDIATELY.IN SECTION 26, TOWNSHIP 22 NORTH, RANGE 11 WEST, IN BOSSIER PARISH, LOUISIANA." [Record Document 1-2, p.3].  However, the documents Plaintiffs attach to their petition relate to property in Webster Parish, Louisiana.  Id. at 14-27. Plaintiffs assert that they did not sign any "division orders" or an "oil, gas and mineral lease." Id. at 6. However, after quoting sources of law relating to division orders and mineral leases, Plaintiffs appear to assert a claim for "MONEYS FOR PRODUCTION UNDER THE HABENDUM CLAUS OF THE LEASE. AND FOR COMPENSATORY ROYALTY PAYMENTS, AND FOR CONSTRUCTIVE PRODUCTION FOR PURPOSES OF MAINTAINING A LEASE". Id. at 12.  Though most of the petition appears to deal with oil and gas production, an allegation concerning salt and sulphur production is found in the middle of a page-long paragraph at page ten of the petition. Id. at 12.  In general, the petition is disorganized, being composed of run-on sentences and incomplete thoughts with few paragraph breaks.

While Rule 8(d)(3) allows a party to "state as many separate claims or defenses as it has, regardless of consistency" it is unclear whether the inconsistencies in the petition are merely the result of stating claims in the alternative or whether they are part of the same claim.  Fed. R. Civ. P. 8(d)(3).  The fundamental problem with Plaintiffs' complaint is it is extremely difficult to make out any discrete claims, whereas Rule 8(d)(1) requires each allegation to be "simple, concise, and direct."  Rule 12(e)

provides the Defendants a procedural mechanism for redress.  Because the petition is too vague and ambiguous for Defendants to reasonably prepare a response, the Court hereby **GRANTS** XTO and Anadarko's motions for a more definite statement [Record Documents 4, and 45].  Anadarko's previous Motion for a More Definite Statement [Record Document 25] is accordingly **DENIED as MOOT**.

Plaintiffs have until **March 30, 2012** to file a concise and clear statement of their claims.  Failure to meet this deadline may result in dismissal of Plaintiffs' suit. Plaintiffs' statement should be short and should clearly specify the following: 1) the properties and minerals involved; 2) the rights of the Plaintiffs in the properties and minerals; 3) the ways in which both XTO and Anadarko have allegedly interfered with those rights; and 4) the relief which the Plaintiffs seek.

### III.    Anadarko's Motion to Dismiss Pursuant to Rule 8(a)

Defendant Anadarko has also moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pointing to the vagueness and ambiguity of Plaintiff's petition.  [Record Document 45].  Although, as explained above, the vagueness and ambiguity of Plaintiff's petition compel the Court to grant Defendants' motions for a more definite statement, dismissal of Plaintiff's complaint is not appropriate at this time.  Rule 8(e) provides that "[p]leadings must be construed as to do justice." Furthermore, pro se pleadings must be treated liberally, and dismissal under Rule 12(b)(6) is generally disfavored.  U.S. v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996); Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004).  At this early

stage in the litigation, given that the Plaintiffs are appearing pro se and that the primary defect with their complaint is its lack of clarify, the proper remedy is for the Court to order a more definite statement rather than to dismiss the complaint outright.  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the property remedy is a motion for a more definite statement under Rule 12(e)").  Accordingly, Anadarko's Amended Motion to Dismiss Pursuant to Rule 8(a) [Record Document 45] is **DENIED**. Of course, if Plaintiffs fail to provide a more definite statement of their claims, Anadarko may file another 12(b)(6) motion.  Anadarko's previous Motion to Dismiss Pursuant to Rule 8(a) [Record Document 25] is **DENIED as MOOT**.

### IV.    Anadarko's Motion to Dismiss Pursuant to Rule 12(b)(5)

In their Motion to Dismiss Pursuant to Rule 12(b)(5) [Record Document 45], Anadarko argues that because Plaintiffs failed to include a summons with their complaint they have failed to serve Anadarko.  After a careful review of the record, the Court is persuaded that Plaintiffs have failed to prove that service was proper, since there is no indication in the record that a summons was included with their complaint.  Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court.").

The question remains whether the 120-days allowed by Rule 4(m) for Plaintiff to

effect service have elapsed. During the status conference held on October 11, 2011, the Court granted Plaintiff's motion to amend their complaint to add Anadarko as a Defendant [Record Document 20]. [Record Document 21]. During that conference, the Court also stayed all deadlines until December 11, 2011 in order to allow Plaintiffs to obtain Counsel. [Record Document 21]. However, the Court allowed service of Anadarko to go forward during the stay, implying that the 120-day deadline would continue to run from October 11, 2011.  Id.  Since more than 120-days have passed since the October 11, 2011 conference, Plaintiffs have failed to properly effectuate service on Anadarko. However, Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiffs appearing pro se have not failed to serve Anadarko for lack of diligence. Cox v. Leggett & Platt, Inc., 2002 WL 1812049 (N.D. Tex. Aug. 5, 2002) ("The Court notes that Plaintiff is pro se. While the plaintiff has not met the service requirements of Rule 4, he has attempted to serve the defendant. This demonstrates that plaintiff's failure to property serve the defendant is not wholly due to a lack of diligence. The Court finds that the record demonstrates sufficient good cause for the plaintiff's failure to serve the defendant within the 120-day period."). Plaintiffs have, in good faith, attempted to serve Anadarko and they have taken pains to attempt to prove service. [Record Document 24]. The Court is persuaded that Plaintiff's efforts to serve Anadarko coupled with their unfamiliarity with the means for properly effecting service constitute good cause for the purposes of Rule 4(m). Accordingly, Anadarko's Amended

Motion to Dismiss Pursuant to Rule 12(b)(5) [Record Document 45] is **DENIED**, and Anadarko's previous Motion to Dismiss Pursuant to Rule 12(b)(5) [Record Document 25] is **DENIED as MOOT**.

The Court hereby **SETS** a deadline for Plaintiffs to properly serve Anadarko for **April 6, 2012**. By that date, Plaintiffs must have properly served Anadarko with both a complaint and summons in a manner allowed by Rule 4(h). Failure to meet this deadline may result in dismissal of Plaintiff's suit.

## V. Plaintiffs' Motions

In light of the Court's above rulings, Plaintiffs' motion to strike Anadarko's motions [Record Document 29] is **DENIED**. Plaintiff's Motion to Amend/Correct Case [Record Document 36] is also **DENIED** in light of the Court's above order requiring Plaintiffs to file a clearer statement of their claims. Finally, Plaintiffs' Motion for Jury Trial [Record Document 28] is **GRANTED**.

## VI. Conclusion

For the reasons stated above, the Court makes the following rulings:

1) XTO and Anadarko's motions for a more definite statement [Record Documents 4, and 45] are **GRANTED**. Anadarko's previous Motion for a More Definite Statement [Record Document 25] is **DENIED as MOOT**. Plaintiffs have until **March 30, 2012** to file a concise and clear statement of their claims.

2) Anadarko's Amended Motion to Dismiss Pursuant to Rule 8(a) [Record

Document 45] is **DENIED**.  Anadarko's previous Motion to Dismiss Pursuant to Rule 8(a) [Record Document 25] is **DENIED as MOOT**.

3) Anadarko's Amended Motion to Dismiss Pursuant to Rule 12(b)(5) [Record Document 45] is **DENIED**, and Anadarko's previous Motion to Dismiss Pursuant to Rule 12(b)(5) [Record Document 25] is **DENIED as MOOT**.  Plaintiffs have until **April 6, 2012** to properly serve Anadarko.

4) Plaintiffs' motion to strike Anadarko's motions [Record Document 29] is **DENIED**.  Plaintiff's Motion to Amend/Correct Case [Record Document 36] is also **DENIED**.  Plaintiffs' Motion for Jury Trial [Record Document 28] is **GRANTED**.

IT IS SO ORDERED. February 19, 2012.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE