UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARRYL KEITH BROWDER, ET AL | CIVIL ACTION NO. 5:11-CV-01428 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| XTO ENERGY INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

In this case, Plaintiffs appearing pro se have lodged a number of claims premised on Defendants' alleged interference with Plaintiffs' minerals rights. Defendants Anadarko Petroleum Corporation ("Anadarko") and XTO Energy Inc. ("XTO") have filed motions to dismiss under Rule 12(b)(6). [Record Documents 71 and 67]. Defendants argue that Plaintiffs' pleadings are unintelligible and therefore fail to state a plausible claim for relief. Plaintiffs have filed an exceptional number of motions. [Record Documents 79, 81, 85, 87, 89, 92, 93, 98, 100, 108, 113-16, 119, 124, 126, 135-37, 139-49, and 153-166]. The Court has previously encouraged Plaintiffs to obtain counsel, stayed this case to allow Plaintiffs adequate time to attempt to obtain counsel, and given Plaintiffs the opportunity to restate their claims in a clearer manner in order to avoid previous motions to dismiss. [Record Documents 21 and 52]. The Court will now take up the pending motions to dismiss.

### I.    Applicable Law

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of any claim that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In

order to survive a Rule 12(b)(6) motion to dismiss, a "complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Hershey v. Energy Transfer Partners, L.P, 610 F.3d 239, 245 (5th Cir. 2010). While a complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations, it must at least allege plausible grounds from which one could infer that the elements of the claim can be made out. Bell Atlantic Co. v. Twombly, 550 U.S. 544, 556 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). That is, the complaint must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of [every element of the claim]." Bell Atlantic Co., 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The Court must not, however, convert this "plausibility" requirement into an analysis of whether the non-moving party is likely to succeed on the merits. Bell Atlantic Co., 550 U.S. at 556 ("of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (citations omitted). Rule 8(e) provides that "[p]leadings must be construed as to do justice." Pro se pleadings must be treated liberally, and dismissal under Rule 12(b)(6) is generally disfavored. U.S. v. Robinson, 78 F.3d 172, 174 (5th Cir. 1996); Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004). As this case is before the Court under diversity jurisdiction, the Court must apply the substantive law of the forum state. Bradley v. Allstate Ins. Co., 620 F.3d 509, 517 n.2 (5th Cir. 2010) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)).

## II. Plaintiff's Claims

As ordered by the Court, Plaintiffs have filed a more definite statement of their claims. [Record Document 63]. This pleading was docketed as an amended complaint. In this case, the Court must walk a fine line between treating pro se pleadings liberally and avoiding the unnecessary expenditure of judicial resources by effectively acting as advocate for the Plaintiffs. In this case, were the Court to attempt to piece together a coherent claim from all of Plaintiffs' pleadings, the Court would be effectively acting as Plaintiff's counsel which would be both inappropriate in our adversarial system and a waste of judicial resources. On the other hand, were the Court to construe Plaintiffs' pleadings too narrowly, the Court would be unduly inhibiting access to the courts by pro se litigants. In order to find a middle ground between these two extremes to enable the Court to rule on the pending motions to dismiss, the Court will consider only those pleadings that are coherent and legible and that give a reasonably clear statement of Plaintiffs' claims without requiring undue interpretive work by the reader. This standard is met only by Plaintiffs' initial response to the first motion for more definite statement and Plaintiffs' amended complaint. [Record Documents 17 and 63].

### A. Anadarko

The only section of Plaintiffs' amended complaint that mentions Anadarko reads as follows:

> THE WAYS IN WHICH BOTH XTO AND ANADARKO HAVE INTERFERED WITH THOSE RIGHTS; they violated plaintiffs' GRAVEL RIGHTS,. AND SOLID MINERAL RIGHTS, SAND AND SUBSURFACE AND TRESPASS RIGHTS,.AND

CONSTRUCTIVE PRODUCTION" & ROYALTY PAYMENT! AND SHUT-IN RIGHTS,.AND COMPENSATORY ROYALTY PAYMENTS RIGHTS,. AND PLAINTIFF'S SERVITUDE RIGHTS, AND OIL AND GAS RIGHTS,.AND JUVENILE MINERAL RIGHTS,.AND SALT MINERAL RIGHTS,.AND SULPHUR RIGHTS, AND EGRESS AND INGRESS RIGHTS,.AND DIVISION ORDER RIGHTS, AND CONTRACT RIGHTS, AND LEASE-hold, and title rights,. [sic]

[Record Document 63, pp.1-2].

Plaintiffs do not mention any Anadarko wells that are on Plaintiff's property, or any other acts or omissions of Anadarko that support the above claims. Conclusory recitation of the elements of a cause of action do not state a claim for relief that is plausible on its face. Bell Atlantic Co. 550 U.S. at 555. A fortiori, conclusory recitation of the names of rights accompanied by a statement that a defendant violated those rights will not state a claim for relief.  Because Plaintiffs have failed to allege any connection between Anadarko and their alleged property rights, their claims against Anadarko are implausible and must be dismissed under Rule 12(b)(6). Accordingly, Anadarko's Motion to Dismiss [Record Document 71] is hereby **GRANTED**.

**B.    XTO**

In the first three pages of their amended complaint, Plaintiffs allege that damages should be awarded against XTO because:

1) Plaintiffs are the sole owners of the mineral rights located in the following five areas of Bossier and Webster Parishes:

   a) Section 16, Township 22 North, Range 11 West. The Court is assuming this section is located in Bossier Parish;

   b) Section 26, Township 22 North, Range 11 West. The Court is

        assuming this section is located in both Bossier Parish and Webster Parishes;

   c)    Section 28, Township 22 North, Range 10 West. The Court is assuming this section is located in Webster Parish;

   d)    Section 32, Township 22 North, Range 120 West. This description appears to be an error in that there is no "Range 120 West" in either parish.

   e)    Section 32, Township 22 North, Range 10 West. The Court assumes this section is located in Webster Parish;

2)    a prior mineral servitude burdening all these properties has terminated through prescription for non-use; and

3)    XTO operates three gas wells in the GRAY RA SUC unit: RH Curry; Antrim Trust; and Browder Estate #1 Alt.

Plaintiffs state that they own these mineral rights by virtue of the fact that they

> ARE THE HEIRS, OF JOHNNY MAC BROWDER,. AND KEATHER BROWDER AND WESLEY BROWDER, SR. AND PASSETT WILLIS A/K/A ETTA BLACKSHIRE WILLIS BROWDER, .MS RUBY SUE BROWDER, WAS MARRIED TO JOHNNY MAC BROWDER, AFTER HIS DEATH AUGUST 14, 1976 in POLK COUNTY, IOWA; SHE WAS INTITLED TO INTEREST IN THESE PROPERTIES, AND MINERALS 100% interest,. [sic]

[Record Document 63, p.1].

Plaintiffs do not further explain the connection between their heirs and these properties.

Reading these first three pages liberally, Plaintiffs' only non-conclusory allegations against XTO are that they operate three wells that have some connection

with the label "GRAY RA SUC," and the names of the wells are "RH Curry," "Antrim Trust,"and "Browder Estate #1 Alt." Plaintiff's only other mention of specific wells, in their response to the first motion for more definite statement, makes clear that the XTO wells at issue are related somehow to Section 26, Township 22 North, Range 11 West, in Bossier Parish:

> THE PLAINTIFF, AS DARRYL KEITH BROWDER, WENT TO SEE SECTION 27 ON THE 4th OF JULY, 2011, THERE IS A GAS WELL ON SECTION 26, WITH PIPES LINES UNDER GROUND GOING TO OTHER GAS WELLS ON THE PROPERTY. AS SECTION 26, TOWNSHIP 22 NORTH, RANGE 11 WEST, IN BOSSIER PARISH, LOUISIANA. 44 ACRES IN ETTA BLACKSHIRE, WILLIS, BROWDER, NAME. ON THE DEFENDANT XTO ENERGY INC. NOTICE OF REMOVAL ON PAGE(3). IT STATE THAT NONE OF THESE 8 WELLS ARE LOCATED IN SECTION 26, BUT NEARLY ALL OF SECTION 26 IS POOLED INTO THE SOUTH SEREPTA UNIT. US PLAINTIFF'S ET AL, IS MAKING A CHARGE OF FRAUD, AND A CHARGE OF DECEIVE, AS IN DECEIVING, DECEIVED),.TO MISLEAD THE MIND OF; TO IMPOSE ON; TO DELUDE, TO FRUSTRATE(HOPES,ETC.). A DECEIVER, ONE WHO DECEIVES. LIKE XTO ENERGY INC. EMPLOYEE, AS MARTHA ENGLISH, THEREFORE, THIS ALSO BURDENING ALL PORTIONS OF THIS 44 ACRE TRACT HAS TERMINATED THROUGH FRAUD, FALSE REPORT, DECEIVING. [sic]

[Record Document 17, page 3].

Thus, read their pleadings liberally, Plaintiffs allege that they own mineral interests in the named wells in Bossier Parish, and that XTO's operation of wells infringes on those interests.

Plaintiffs have attached a letter to their pleading, however, that contradicts these allegations. The letter, written by an attorney retained presumably by the Plaintiffs to determine the validity of their claims, asserts that Plaintiffs do not own any mineral interests in the Bossier Parish properties. [Record Document 63, p. 7]. The attorney concludes that the only property in Bossier Parish having anything to do with this suit is

located in SW 1/4 of SE 1/4 of Section 26, Township 22 North, Range 11 West.[1]  Id. at

7-9.  It is the attorney's opinion that Plaintiffs' ancestors "[own] no interest in the oil,

gas and other minerals underlying this Tract." Id. at 7.  The attorney explains that he

arrived at this conclusion by examining the Conveyance records of Bossier Parish which

indicate that on July 24, 1948 Plaintiffs' ancestors entered into a mineral lease with an

individual named Sam York.  Relatively soon thereafter, Keather Browder, Plaintiffs'

ancestor, executed three mineral deeds, recorded in Conveyance Book 247 at pages

561, 571 and 637, conveying all his interest in the oil, gas, and other minerals under

the land in question to L.L. Robinson.  Id. at 8.  The attorney further states that "I am

informed that since the initial production in 1953, there has been continuous production

from a well or wells or property unitized therewith to the present date." Id.

　　　　This letter attached to their amended complaint renders the claims premised on

XTO's interference with Plaintiffs' mineral rights in Bossier Parish facially implausible.

This is not to say that Plaintiffs are unlikely to prove these claims, but rather that what

Plaintiffs allege in their pleadings with regard to their mineral rights claim is

contradictory and thus by definition cannot be proved. The notice pleading standard

---

[1] As XTO points out, the author appears to have made a typographical error in writing "section 16" instead of "section 26." The "RE:" line at the top of the letter indicates that the subject of the letter reads "Ownership of Oil, Gas and other Minerals under SW 1/4 of SE 1/4 of Section 26, Township 22 North, Range 11 West, Bossier Parish, Louisiana." [Record Document 62, p.7].  The Court reads the letter to refer to section 26. This reading is consistent with Plaintiffs' allegation in their amended complaint and their response to the first motion for more definite statement that the wells in question are related to Section 26, Township 22 North, Range 11 West, Bossier Parish.

and the requirement that pro se pleadings be read liberally do not extend so far as to require Defendants to submit to discovery on such facially implausible claims.

In a later filing, Plaintiffs appear to explain that they actually disagree with the conclusions of the title opinion:

> PLAINTIFF, NOW WANT TO TALK ABOUT THIS AMENDED COMPLAINT WHICH ADDS MULTIPLE TRACTS OF LAND, AND WHICH PLAINTIFF, ATTACHED AN EXHIBIT APPEARING TO BE A LEGAL OPINION THAT REALLY LOOK LIKE ITS CONTRADICTING THE PLAINTIFF, ALLEGATIONS ASSERTED WITHIN THE AMENDED COMPLAINT. PLAINTIFF, OBJECT TO SOMETHINGS IN THE LETTER OF OPINION. RELEVANT, HERESAY, AND LEADING, AND SPECULATION, ARGUMENTATIVE,.THE LETTER OF OPINION MUST BE DISPUTED IMMEDIATELY. [sic]

[Record Document 79-1, p.8].

This later filing does not explain why the letter was attached in the first place if Plaintiffs do not agree with its contents.  While pro se pleadings must be construed liberally, the most basic requirements of our adversarial litigation process demand that there be a limit to the lengths a Court will go to discern the basis of a pro se Plaintiff's claims. Before the pending motions to dismiss were filed and before the Court ordered Plaintiffs to file a more definite statement of their claims, Plaintiffs were given ample opportunity to file whatever they wanted in the record.  See [Record Documents 11, 13, 15, 16, 17, 18, 22, 23, 27, 28, 31-37].  The Court has been careful to not deny Plaintiffs access to this Court merely because they are unfamiliar with the Federal Rules of Civil Procedure.  See e.g. [Record Documents 21 and 52].  However, for the Court to entertain a confusing plea to disregard half of the amended complaint filed in response to a Court order that Plaintiffs file "a concise and clear statement of their claims," would

be to undermine the litigation process to such an extent that it could no longer be reasonably conducted.  [Record Document 52, p.4].  In order for it to be possible for litigation to proceed, Plaintiffs must at some point be made to stand by the contents of their pleadings.  In this case, the Court sought to help Plaintiffs meet this basic requirement by ordering them to file a clear and concise statement of their claims.  Accordingly, the Court will not disregard the letter attached to Plaintiff's amended complaint.  XTO's Motion to Dismiss is therefore **GRANTED**.

### C. Defendant Beverly Miller

The Court has granted Defendant Beverly Miller's Motion to Adopt XTO's Motion to Dismiss [Record Document 112].  The Court ordered Plaintiffs to provide a more definite statement of their claims only with respect to Anadarko and XTO.  [Record Document 52, p. 4]. Accordingly, the Court will not limit itself to examining only Plaintiff's amended complaint in order to determine whether Plaintiffs have stated a plausible claim against Beverly Miller.  Plaintiffs moved to amend their complaint to add Beverly Miller on September 29, 2011. [Record Document 20].  This motion to amend contains no explanation of Ms. Miller's connection to Plaintiffs' claims. Neither do any of Plaintiffs' other pleadings provide any explanation.  In a later filing, Plaintiffs do state that "SOME OF THESE CAUSES OF ACTIONS WAS ALSO AGAINST DEFENDANTS BEVERLY M.MILLER, AND MARTHA ENGLISH...." [Record Document 79-1]. The Court, however, finds no details in any of Plaintiffs' previous filings regarding the nature of Plaintiffs claims against Ms. Miller or how Ms. Miller is in any way connected to these properties.  Because Plaintiffs have not clearly and concisely alleged any connection

between their existing claims and Beverly Miller, the Court **GRANTS** her adopted motion to dismiss.

### D. Plaintiff's Other Motions

The Court has reviewed Plaintiffs' various motions for sanctions, "trespass," to stop or suspend oil production, to strike, for separate trial, for judgment on offer of judgment, for summary judgment, for relief regarding other motions for summary judgment, and for relief under portions of the Louisiana Code of Civil Procedure, and finds that they lack merit. [Record Documents 79, 81, 85, 87, 89, 92, 93, 98, 100, 108, 113-16, 119, 124, 126, 135-142, 143-149, 153-166]. These motions are therefore **DENIED**. Any other pending motions by Plaintiffs directed towards Anadarko or XTO are likewise **DENIED** as moot.

## III. Conclusion

For the foregoing reasons, Anadarko's Motion to Dismiss [Record Document 71] is hereby **GRANTED**. All claims against Anadarko are hereby **dismissed with prejudice**.

XTO's Motion to Dismiss [Record Document 67] is hereby **GRANTED**, and all claims against XTO are hereby **dismissed with prejudice**.

Beverly Miller's adopted motion to dismiss is hereby **GRANTED**, and all claims against Beverly Miller are hereby **dismissed with prejudice**.

IT IS SO ORDERED.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE