UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARRYL KEITH BROWDER, ET AL | CIVIL ACTION NO. 5:11-CV-01428 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| XTO ENERGY INC. | MAGISTRATE JUDGE HORNSBY |

### ORDER

The Court ordered plaintiffs to file by May 7th, 2013 a pleading explaining why their claims against Clay Bate Robinson should not be dismissed. [Record Documents 190 and 191]. The plaintiffs have not responded to the Court's order. The Court has examined the record and concludes that Plaintiffs have failed to allege sufficient factual matter that, accepted as true, would state a plausible claim against Clay Bate Robinson. Hershey v. Energy Transfer Partners, L.P, 610 F.3d 239, 245 (5th Cir. 2010) (in order to survive a Rule 12(b)(6) motion to dismiss, a "complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face." ); Carroll v. Fort James Co., 460 F.3d 1171, 1176-77 (5th Cir. 2006) (the district court may dismiss a claim on its own motion after giving notice of its intentions and an opportunity to respond).

Plaintiffs joined Clay Bate Robinson as a defendant on September 29, 2011. [Record Document 20]. They subsequently filed an "exhibit" that appears to be a document executed by their relatives conveying certain property to "L.L. Robinson of Shreveport." [Record Document 22]. The court has examined the record, and the only

allegations supporting the claims against Mr. Robinson appear in the various motions for summary judgment filed by plaintiffs. [Record Documents 113-117]. Darryl Browder alleges the following in support of his claim:

> THE DEFENDANT HAS FAILED TO GET A ATTORNEY.AND THE DEFENDANT HAS FAILED TO REPRESENT HIM SELF... I AS PLAINTIFF, AS DARRYL KEITH BROWDER, MUST ASK THIS COURT FOR DOUBLE DAMAGES.AND PLAINTIFF, ASK THIS COURT FOR DOUBLE THE FINANCIAL SANCTIONS AT THE MAXIMUM LEGAL RATE.AND PLAINTIFF IS SUING THE DEFENDANT AS CLAY BATE ROBINSON, FOR $4,000.000.MILLION DOLLARS FOR TRESSPASTING.I REALLY FEEL THAT CLAY BATE ROBINSON,FATHER GOT HIS OTHER PROPERTY IN BOSSIER PARISH,LOUISIANA,BY TAKING THE GAS AND OIL, AND OTHER MINERAL ILLEGALLY THREW NONE USE FOR OVER 10 YEARS.THE DEFENDANT AS CLAY BATE ROBINSON,FATHER AS LESLIE LEON ROBINSON,STOLE PLAINTIFF, MINERALS TO BUY DEFENDANT AS CLAY BATE ROBINSON, PROPERTY THAT HIS FATHER LEFT FOR HIM.THIS PROPERTY WOULD BE CLAY BATE ROBINSON,IMMOVABLE PROPERTY OR PROPERTIES LOCATED IN BOSSIER PARISH BEING DECEDENT'S INTEREST IN THE FOLLOWING: 1.BEGIN 1510'SOUTH OF THE NORTHEAST CORNER OF THE NORTH WEST QUARTER OF THE NORTHEAST QUARTER(NW/4 of NE 1/4) OF SECTION 34, THENCE NORTH 566'; THENCE WEST 1320'TO WEST BOUNDARY OF SAID FORTY; THENCE NOTH 566'; THENCE EAST TO POINT OF BEGINNING, SAID PROPERTY BEING LOCATED IN SECTION 34,TOWNSHIP 22 RANGE 11.2.SOUTH HALF OF NORTH WEST QUARTER(N/2 OF sw/4 of NE/4),SAID PROPERTY BEING LOCATED IN SECTION 10, TOWNSHIP 23, RANGE 12.
>
> [Record Document 113] (sic).

Plaintiff Ruby Sue Browder repeats Darryl Browder's allegations and adds:

> THE DEFENDANTS ARE TRESSPASSING ON SECTION 26, TOWNSHIP 22, RANGE 11. DEFENDANT AS CLAY BATE ROBINSON, FATHER AS LESLIE LEON ROBINSON, GOT THIS PROPERTY WITH THE MONEY HE GOT FROM SECTION 26, TOWNSHIP 22 RANGE 11, MINERALS.
>
> [Record Document 114] (sic).

Plaintiff Angela Browder makes similar allegations and adds:

> I FEEL THAT CLAY BATE ROBINSON, FATHER GOT HIS IMMOVABLE PROPERTIES FROM THE MINERAL INTEREST IN SECTION 26 TOWNSHIP 22 RANGE 11.illegal BY TRESSPASTING ON MY GRAND FATHER PROPERTY.

[Record Document 115] (sic).

Plaintiffs Lonta Browder and Barbara Browder also make similar allegations in their motions for summary judgment. [Record Document 166 and 126].

The Court is unable to piece together a claim against Clay Bate Robinson from these allegations. Reading these pleadings liberally, plaintiffs attempt to state a trespass claim premised on L.L. Robinson illegally obtaining minerals and using the proceeds to buy property that then passed to his son, Clay Bate Robinson. The Court, however, is at a loss to understand how the properties mentioned above figure into this claim and the nature of plaintiffs' alleged interest in these properties. To the extent plaintiffs allege an interest in the Section 26, Township 22, Range 11 property, their claim is implausible for the reasons given in the Court's previous Memorandum Order. [Record Document 179, pp. 6-8].  To the extent plaintiffs allege an interest in the Section 34 or Section 10 property mentioned above, the Court cannot determine from the pleadings whether the minerals from these properties were allegedly "stolen" or whether these properties were allegedly bought with the proceeds of "stolen" minerals. Furthermore, plaintiffs fail to explain how a claim against Clay Bate Robinson follows from the alleged misdeeds of his father. In sum, plaintiffs have failed to state an intelligible claim against Clay Bate Robinson. Their claims against Clay Bate Robinson are therefore **DISMISSED without prejudice**.

**THUS DONE AND SIGNED** this 22nd of May, 2013 in Shreveport, Louisiana.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE